IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01740-BNB

MAROLYN KAY RITTENHOUSE,

    Plaintiff,

v.

YVONNE G. WILLIAMS,
WARREN L. WILLIAMS,
MARK N. TSCHETTER,
TIM HOWELL,
VICTOR L. SULZER,
DAPHNE KOEHLER,
BETH MCFARLAND,
CECILIA L. CURTIS,
BRENDA VALDEZ,
JUDY L. ARCHULETA,
LILLEY W. OEFFLER,
JIM TRAVIS,
TED B. MINK, and
WRIGHT MOTT,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Marolyn Kay Rittenhouse filed *pro se* on October 27, 2006, a motion titled "An Action in the Form of an Action Giving Notice to Correct Errors of the Court and/or Notice of Appeal Action." Ms. Rittenhouse apparently asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed on October 16, 2006. The Court must construe the motion to reconsider liberally because Ms. Rittenhouse is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated

below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Ms. Rittenhouse filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the complaint and the instant action for lack of jurisdiction. The reasons for the dismissal are discussed in detail in the October 16, 2006, Order and Judgment of Dismissal.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Rittenhouse fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

Ms. Rittenhouse does not allege the existence of any new law or evidence, and the Court remains convinced that this Court lacks jurisdiction over the instant action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "An Action in the Form of an Action Giving Notice to Correct Errors of the Court and/or Notice of Appeal Action" that Plaintiff Marolyn Kay Rittenhouse filed *pro se* on October 27, 2006, and which the Court has

treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this _15_ day of _Nov._, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01740-BNB

Marolyn Kay Rittenhouse
6035 W. 11th Ave., #1
Lakewood, CO 80214


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  11-16-06

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk